Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

NA LAN                                              9189-0
nl@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

EDWARD F. RAMOS
eramos@kktplaw.com
(pro hac vice)
JOHN P. PRATT
jpratt@kktplaw.com
(pro hac vice)
KURZBAN KURZBAN TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3503

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Chunming Wang,<br><br>    Petitioner,<br>v.<br><br>Estela Derr, Warden, Federal Detention Center, Honolulu, Hawaii, et al.,<br><br>    Respondents. | **PETITIONER'S STATUS REPORT**<br><br>**Case No: 25-cv-231-JAO-RT** |

Petitioner submits this status report pursuant to the Court's June 5, 2025 Order (ECF No. 14).

### Status of Service of Amended Petition

Petitioner did not initially file proposed summonses or serve the Petition for Writ of Habeas Corpus because Petitioner understood the Court's initial Entering Order (ECF No. 8) as directing the Clerk's Office to accomplish service of the petition on Respondents. *Id.* ("The Court DIRECTS the Clerk's Office to provide a copy of the Petition and this Entering Order to the United States Attorney's Office."). Petitioner's understanding was reinforced by the fact that other district courts accomplish service of habeas petitions in this manner. *See, e.g.*, National Immigration Litigation Alliance, *Habeas Corpus Petitions* 15–16 (Jan. 15, 2025), *available at* https://bit.ly/4dUKUqb (noting that practitioners report an "array of

2

experiences" regarding service of habeas petitions across United States district courts, "including judges who order the clerk's office to serve the petition on the local U.S. Attorney's Office . . . and judges who simply order the U.S. Attorney's Office to respond within a certain time").

However, for the avoidance of doubt, Petitioner is preparing to serve the amended petition on Respondents. This morning, Petitioner filed Proposed Summonses. *See* ECF No. 15. As soon as the Clerk's Office issues the Summonses, Petitioner will serve the U.S. Attorney's Office via hand delivery, and the other respondents by certified mail, and will promptly file proof of service once Petitioner's counsel receives confirmation that service has been accomplished.

Petitioner respectfully submits that the Court need not wait for service on all Respondents before the case can move forward. The U.S. Attorney's Office is now aware of this action, and will be hand-served with the summons and amended petition in short order. The U.S. Attorney's Office is therefore well positioned to coordinate with its client regarding a substantive response to the amended petition. Moreover, the Government has agreed to a briefing schedule (set forth below) that is not contingent on service of the habeas petition.[1] Petitioner therefore submits that the case can move forward pending formal service of the amended petition.

---

[1] In a habeas case, the Government's deadline to respond to the petition is not governed by Federal Rule of Civil Procedure 12(a)(1), but rather by 28 U.S.C. § 2243, which allows for a response to a habeas petition "within three days unless

## The Application for Order to Show Cause Is Not Moot

Petitioner's filing of an amended petition for writ of habeas corpus does not moot the Application for Order to Show Cause because the amended petition continues to challenge Petitioner's ongoing detention as unlawful.

Petitioner amended the petition due developing facts on the ground after the original petition was filed on June 2. On that date, Petitioner was informed that he was placed in expedited removal proceedings, and the original petition thus challenged the use of expedited removal proceedings on Petitioner. *See* ECF No. 1, ¶¶ 43–48. However, on June 4, 2025, Immigration and Customs Enforcement issued Petitioner a Notice to Appear, which indicated that he was no longer in expedited removal proceedings. *See* Amended Petition, ECF No. 13, at ¶¶ 52–55. The Notice to Appear, however, classified Petitioner an "arriving alien"—a designation which deprives Petitioner of the ability to seek a bond from an immigration judge. *Id.* ¶¶ 26–29; ¶¶ 53–55. The amended petition thus challenges Petitioner detention pursuant to the "arriving alien" designation. *Id.* ¶¶ 60–64. In short, while the Government's proffered basis for detaining Petitioner and denying him an opportunity to seek bond from an immigration judge has shifted, Petitioner continues to challenge his detention as unlawful. The Application for Order to Show cause, therefore, is not moot.

---

for good cause additional time, not exceeding twenty days, is allowed."

4

**Proposed Briefing Schedule**

Finally, Petitioner reports that the parties have conferred and jointly propose that Respondents be permitted until 6/11/2025 at 5:00 p.m. to respond to the Amended Petition and Order to Show Cause, and that Petitioner be permitted until 6/13/2025 to file an optional reply.

If a hearing is to be held, the parties request that the hearing be scheduled for the week of June 16, 2025 or later based on Respondents' counsel's pre-planned travel on June 12 and 13. Additionally, if a hearing is to be held between June 18 and June 20, Petitioner's counsel requests leave to appear remotely as they will also be traveling on those days.

DATED: Honolulu, Hawaii, June 6, 2025.

/s/ Edward F. Ramos
EDWARD F. RAMOS
eramos@kktplaw.com
(pro hac vice)

JOHN P. PRATT
jpratt@kktplaw.com
(pro hac vice)

KURZBAN KURZBAN
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3503

NA LAN
DAMON KEY LEONG KUPCHAK HASTERT
nl@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242