Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

NA LAN                          9189-0
nl@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

EDWARD F. RAMOS
eramos@kktplaw.com
(pro hac vice)
JOHN P. PRATT
jpratt@kktplaw.com
(pro hac vice)
KURZBAN KURZBAN TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3503

*Attorneys for Petitioner*

# UNITED STATES DISTRICT COURT
# DISTRICT OF HAWAII

Chunming Wang,

     Petitioner,

v.

Estela Derr, Warden, Federal Detention
Center, Honolulu, Hawaii, et al.,

     Respondents.

**Case No: 25-cv-231-JAO-RT**

# PETITIONER'S REPLY IN SUPPORT OF AMENDED PETITION FOR WRIT OF HABEAS CORPUS

# TABLE OF CONTENTS

TABLE OF CONTENTS.............................................................................i

TABLE OF AUTHORITIES ................................................................. ii

INTRODUCTION .................................................................................1

ARGUMENT ......................................................................................2

   I.  Section 1252(g) poses no bar to Mr. Wang's challenge to his detention...........2

   II. Section 1252(b)(9) also poses no bar to Mr. Wang's challenge. .......................6

CONCLUSION .................................................................................13

# TABLE OF AUTHORITIES

## Cases

*Aguilar v. ICE*,
  510 F.3d 1 (1st Cir. 2007) ..................................................................9, 11

*Ajlani v. Chertoff*,
  545 F.3d 229 (2d Cir. 2008) ...................................................................5

*Alvarez v. ICE*,
  818 F.3d 1194 (11th Cir. 2016) .............................................................5

*Delgado v. Quarantillo*,
  643 F.3d 52 (2d Cir. 2011) ..................................................................11

*Dubria v. Smith*,
  224 F.3d 995 (9th Cir. 2000) .................................................................1

*E.F.L. v. Prim*,
  986 F.3d 959 (7th Cir. 2021) .................................................................5

*INS v. St. Cyr*,
  533 U.S. 289 (2001) ..............................................................................6

*J.E.F.M. v. Lynch*,
  837 F.3d 1026 (9th Cir. 2016) ....................................................... 10, 11

*Jennings v. Rodriguez*,
  583 U.S. 281 (2018) ....................................................... 7, 8, 9, 12

*Jimenez-Angeles v. Ashcroft*,
  291 F.3d 594 (9th Cir. 2002) .................................................................4

*Lopez-Vasquez v. Holder*,
  706 F.3d 1072 (9th Cir. 2013) ..............................................................1

*Martinez v. Napolitano*,
  704 F.3d 620 (9th Cir. 2012) ...............................................................10

*Nadarajah v. Gonzales*,
    443 F.3d 1069 (9th Cir. 2006) ...................................................................9

*Nielsen v. Preap*, 586 U.S. 392 (2019) ..............................................................9

*Obado v. Superior Ct. of New Jersey Middlesex Cnty.*,
    2022 WL 283133 (D.N.J. Jan. 31, 2022) ..............................................5

*Reno v. Am.-Arab Anti-Discrimination Comm.*,
    525 U.S. 471 (1999) ...............................................................................2, 4

*Saadulloev v. Garland*,
    2024 WL 1076106 (W.D. Pa. Mar. 12, 2024) .......................................5

*Sissoko v. Rocha*,
    509 F.3d 947 (9th Cir. 2007) ...................................................................4

*Tazu v. Att'y Gen. United States*,
    975 F.3d 292 (3d Cir. 2020) .....................................................................5

*United States v. Hovsepian*,
    359 F.3d 1144 (9th Cir. 2004) (en banc) ...............................................3

*Waite v. Honolulu Liquor Comm'n*,
    2024 WL 4851600 (D. Haw. Nov. 21, 2024) ........................................1

*Zundel v. Gonzales*,
    230 F. App'x 468 (6th Cir. 2007) ...........................................................5

**Regulations**

8 C.F.R. § 1003.19(h)(2)(i) ...............................................................................11

8 C.F.R. § 1003.19(h)(2)(ii) ..............................................................................12

**Other Authorities**

Executive Office for Immigration Review, *Immigration Court Practice Manual*
§ 9.3, *available at* https://www.justice.gov/eoir/reference-materials/ic/chapter-9/3 ....................................................................................................................11

# INTRODUCTION

The Government makes no effort to defend the merits of its decision to arrest and detain—without the possibility of bond—a 76-year-old father of a U.S. citizen, who suffers from multiple serious medical conditions, and who has resided peacefully in Honolulu for nearly a decade.[1] Nor could it. As the amended habeas petition makes clear, Mr. Wang is not properly classified as an "arriving alien," and his detention without an opportunity for a bond hearing is therefore unlawful. *See* ECF No. 13, ¶¶ 60–64.

The Government instead stakes its defense solely on jurisdictional objections. But those objections are meritless. Mr. Wang does not challenge the Government's decision to commence the removal proceedings initiated against him—rather, he challenges his detention without bond. Likewise, 8 U.S.C. § 1252(b)(9) does not channel detention-related claims like Mr. Wang's through the petition-for-review process. Mr. Wang's challenge is to his detention without bond *during* removal proceedings—not to the outcome of those proceedings or any decision to initiate them. But a petition for review can be filed only *after* those proceedings conclude

---

[1]    By failing to address the merits of Mr. Wang's petition, the Government has forfeited its opportunity to challenge them. *See Dubria v. Smith*, 224 F.3d 995, 1001 (9th Cir. 2000) (government "waived its . . . claim" by failing to raise it in its response to habeas petition); *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079 (9th Cir. 2013); *Waite v. Honolulu Liquor Comm'n*, 2024 WL 4851600, at *3 (D. Haw. Nov. 21, 2024) (issue "not raised in the briefs" is "forfeited").

and a final order of removal is entered—by which point, the detention at issue will already have occurred, potentially without ever being subject to judicial scrutiny. The Supreme Court has rejected such jurisdictional traps, and this Court should do the same.

Because the Government has forfeited any challenge to the merits of Mr. Wang's claim that his detention is unlawful, the Court should grant the habeas petition and order Mr. Wang's release, or at a minimum, direct that he promptly be afforded an opportunity to seek bond before an immigration judge.

## ARGUMENT

### I.    Section 1252(g) poses no bar to Mr. Wang's challenge to his detention.

The Government begins by arguing that 8 U.S.C. § 1252(g) bars the Court's jurisdiction to hear Mr. Wang's habeas petition. That section provides that "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

The Supreme Court has narrowly interpreted this jurisdictional bar. In *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471 (1999), the Court held that this "provision applies only to three discrete actions that the Attorney General may take: her 'decision or action' to '*commence* proceedings, *adjudicate* cases, or *execute* removal orders.'" *Id.* at 482 (emphasis in original); *see United States v. Hovsepian*,

2

359 F.3d 1144, 1155 (9th Cir. 2004) (en banc) (noting that "[i]n *Reno v. American–Arab Anti–Discrimination Committee* . . . the Supreme Court emphasized that the provision applies only to the discrete listed actions"). The Court noted that "[t]here are of course many other decisions or actions that may be part of the deportation process." 525 U.S. at 482. But to interpret the jurisdiction-stripping provision to apply to these other decisions or actions is "is incompatible with the need for precision in legislative drafting." *Id.*

The Government's invocation of 8 U.S.C. § 1252(g) to bar jurisdiction here is off base because Mr. Wang does not challenge any of the three "discrete actions" which that section covers. While the Government frames Mr. Wang challenge as one to the discretionary decision to commence removal proceedings against him (*see, e.g.*, Gov't Resp., at 8), nowhere does Mr. Wang challenge that decision anywhere in his amended petition. *See generally* ECF No. 13. Nowhere does Mr. Wang's petition ask the Court to terminate the removal proceedings that have been brought against him. Nor does he ask the Court to prevent the Government from prosecuting those removal proceedings. Rather, his challenge is narrowly focused on the Government's decision to *detain* him without opportunity for bond during the pendency of those proceedings—a claim which falls squarely outside Section 1252(g)'s ambit.

The cases cited by the Government do not support its position because each involved a direct challenge to a decision to commence removal proceedings or to effectuate removal—not, as here, a challenge to the legality of a noncitizen's detention. For example, in the leading case interpreting 8 U.S.C. § 1252(g), *Reno v. American-Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999), the plaintiffs expressly challenged the Attorney General's decision to "commence proceedings" against them based on their political associations. *Id.* at 482. The Supreme Court held that such a challenge was barred by Section 1252(g), but, crucially, it adopted a "narrow reading" of the statute, limiting its jurisdictional bar to only "three discrete actions" identified in the statute: "to commence proceedings, adjudicate cases, or execute removal orders." *Id.* at 482. The decision to detain a noncitizen falls outside this narrow scope.

Similarly, in *Jimenez-Angeles v. Ashcroft*, 291 F.3d 594 (9th Cir. 2002), the noncitizen challenged the *timing* of the commencement of proceedings—arguing that removal proceedings should have been initiated earlier. *Id.* at 598–99. That case involved no challenge to detention of any kind.[2] And *Sissoko v. Rocha*, 509 F.3d 947 (9th Cir. 2007), was a damages action for false arrest, not a habeas or injunctive

---

[2]    Indeed, far from supporting the Government expansive interpretation, the *Jimenez-Angeles* court noted that "Section 1252(g)'s jurisdictional bar is to be construed narrowly," and held that plaintiffs' separate challenge to deportation procedures fell outside the provision's ambit. *Id.*

challenge to ongoing detention. *Id.* at 950 ("In this limited context, we hold that 8 U.S.C. § 1252(g)'s jurisdiction-stripping language covers the Sissokos' false arrest claim."). None of these cases involved a claim like Mr. Wang's: a direct challenge to the lawfulness of the basis for detention, which falls outside § 1252(g)'s limited reach.[3]

---

[3]     The Government's out-of-circuit cases fare no better because they, too, involved challenges to the commencement of removal proceedings or execution of a final removal order—not to detention pending removal proceedings. *See Tazu v. Att'y Gen. United States*, 975 F.3d 292, 297 (3d Cir. 2020) (no jurisdiction to consider challenge to timing of execution of final removal order); *E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (barring challenge to "decision to execute . . . removal order while [noncitizen] seeks administrative relief," but noting that court could "exercise[] jurisdiction over a noncitizen's habeas petition" when it does not challenge execution of a removal order); *Alvarez v. ICE*, 818 F.3d 1194, 1205 (11th Cir. 2016) (interpreting Section 1252(g) narrowly in light of the Supreme Court's decision in *Reno*, and holding that the provision *does not* bar review of a challenge to the Government's "decision to indefinitely detain an alien"); *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008) (challenge to commencement of removal proceedings as "unconstitutional and discriminatory" barred under Section 1252(g)); *Saadulloev v. Garland*, 2024 WL 1076106, at *3 (W.D. Pa. Mar. 12, 2024) (challenge to arrest that began the commencement of proceedings was barred, but noting that the petitioner was "not arguing that his detention in ICE custody has become unreasonably prolonged"); *Obado v. Superior Ct. of New Jersey Middlesex Cnty.*, 2022 WL 283133, at *4 (D.N.J. Jan. 31, 2022) (no jurisdiction over claim "to terminate Petitioner's [Notice to Appear]," which would terminate removal proceedings, "and/or halt his immigration proceedings"); *Zundel v. Gonzales*, 230 F. App'x 468, 475 (6th Cir. 2007) (no jurisdiction over challenge to Government's "decision to issue an order of removal"). Not a single one of these cases involved a challenge to the lawful basis for a noncitizen's ongoing detention by the Government.

In sum, Mr. Wang challenges the Government's decision to detain him without affording him a bond hearing, based on its legally defective determination that he is an "arriving alien." This is not a challenge to the Government's decision to "commence proceedings," as he seeks no order from the Court to end the removal proceedings against him. It is not a challenge to the Government's ability to "adjudicate" his removal proceedings, as those proceedings may continue in a non-detained setting. And it cannot be a challenge to the Government's ability to execute a removal order, as none exists.[4] His claim therefore implicates none of the "discrete" actions the Supreme Court identified in *Reno*, and Section 1252(g) accordingly poses no bar to the Court's review of his claims.

## II.    Section 1252(b)(9) also poses no bar to Mr. Wang's challenge.

The Government also argues that 8 U.S.C. § 1252(b)(9)—the so-called "zipper clause" of the INA's judicial review statute, *see INS v. St. Cyr*, 533 U.S. 289, 313 (2001)—requires Mr. Wang to challenge his ongoing detention as part of a petition for review of a final order of removal.[5] That argument, however, is directly

---

[4]    The Government's passing invocation of 8 U.S.C. § 1252(a)(5) (Gov't Resp., at 10) fails for this same reason. That provision makes a petition for review "the sole and exclusive means for judicial review of an order of removal." But Mr. Wang has no order of removal, so he cannot possibly be challenging one.

[5]    That section reads in relevant part: "Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial

contrary to Supreme Court precedent, which makes clear that Section 1252(b)(9) does not apply to claims challenging immigration detention.

In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court addressed a challenge brought by noncitizens in removal proceedings who argued that their prolonged detention without the opportunity for a bond hearing violated the Immigration and Nationality Act. The Court held that Section 1252(b)(9) did not bar review of the noncitizens' claims. True, the Court noted that it might be argued that detention "aris[es] from any action taken or proceeding brought to remove an alien from the United States" within the meaning of Section 1252(b)(9) "in the sense that if those actions had never been taken, the aliens would not be in custody at all." 583 U.S. at 293. "But," the Court cautioned, "this expansive interpretation of § 1252(b)(9) would lead to staggering results." *Id.* The Court thus ultimately rejected such an expansive reading of the statute as "absurd." *Id.* While the Court declined to provide a comprehensive interpretation of Section 1252(b)(9)'s reach, it noted that "[f]or present purposes, it is enough to note that respondents are not asking for review of an order of removal; they are not challenging the decision to detain them in the first place or to seek removal; and they are not even challenging any part of the process by which their removability will be determined." *Id.* at 294. "Under these

---

review of a final order under this section." 8 U.S.C. § 1252(b)(9).

circumstances," the Court held, "§ 1252(b)(9) does not present a jurisdictional bar." *Id.*[6]

The Government cannot meaningfully distinguish this case from *Jennings*. As in *Jennings*, Mr. Wang challenges the lawfulness of his ongoing detention while the Government pursues removal proceedings against him. To be sure, the substance of his claim differs: Mr. Wang argues that his detention without a bond hearing is unlawful because it rests on a legally flawed designation of him as an "arriving alien," see ECF No. 13 ¶¶ 60–64, whereas the noncitizens in *Jennings* asserted that their detention violated "implicit limitations on the length of detention" under the immigration statutes, *Jennings*, 583 U.S. at 297. But for jurisdictional purposes, that distinction is immaterial. What matters is that, like the noncitizens in *Jennings*, Mr. Wang challenges the legality of his detention while removal proceedings are pending—not the removal proceedings themselves. The Supreme Court's holding that § 1252(b)(9) does not bar such detention-related claims therefore applies with full force here.

Even if this case could somehow be distinguished from *Jennings*, the Supreme Court's rationale for interpreting Section 1252(b)(9) confirms that it cannot be

---

[6]    The Government seeks to marshal *Jennings* in support of its cause, characterizing the decision as barring review in habeas of "decisions to detain for purposes of removal or for proceedings." *See* Gov't Resp., at 12. But as discussed, that is directly contrary to what *Jennings* held.

applied in this context. As the Government acknowledges, Section "1252(b)(9) is a judicial channeling provision, not a claim-barring one." Gov't Resp., at 11 (quoting *Aguilar v. ICE*, 510 F.3d 1, 11 (1st Cir. 2007)). But interpreting Section 1252(b)(9) would effectively preclude review of Mr. Wang's detention challenge to his detention without bond "effectively unreviewable." *Jennings*, 583 U.S. at 293. A petition for review can only be filed *after* the conclusion of removal proceedings and the entry of a final order of removal. *See* 8 U.S.C. § 1252(a)(1). So "[b]y the time a final order of removal [is] eventually entered, the allegedly [unlawful] detention would have already taken place." *Id.* "And of course, it is possible that no such order would ever be entered in [Mr. Wang's] case" if he wins his removal proceedings. So cramming his challenge to detention pending removal proceedings through a petition for review would "depriv[e] [him] of any meaningful chance for judicial review." *Id.* The Court should therefore reject the Government's effort to shoehorn Mr. Wang's detention-related claims through the petition-for-review process. *Accord Nielsen v. Preap*, 586 U.S. 392, 402 (2019) (holding that Section 1252(b)(9) did not bar noncitizens' challenge to detention as contrary to the Immigration and Nationality Act); *Nadarajah v. Gonzales*, 443 F.3d 1069, 1075 (9th Cir. 2006) (noting that Section 1252(b)(9) "does not apply to federal habeas corpus petitions that do not involve final orders of removal," and holding that the noncitizen's

detention-related claims "on statutory and constitutional grounds" were not barred by that provision).

Once again, the Government's cited cases are far off base, as none involved a challenge to immigration detention. In *J.E.F.M. v. Lynch*, 837 F.3d 1026 (9th Cir. 2016), for example, the noncitizens challenged inadequate access to counsel *in their removal proceedings*. *Id.* at 1032–33. In holding that the plaintiffs' claims were covered by Section 1252(b)(9), the court noted that "[r]ight-to-counsel claims are routinely raised in petitions for review filed with a federal court of appeals," and saw no reason why the noncitizens there could not raise such a challenge on petition for review. *Id.* at 1032. The court cautioned, however, that Section 1252(b)(9) has "built-in limits," and was clear that "claims that are independent of and collateral to the removal process do not fall within" the provision's scope. *Id.* Similarly, the noncitizen in *Martinez v. Napolitano*, 704 F.3d 620 (9th Cir. 2012), "challenge[d] the procedure and substance of the [Board of Immigration Appeals'] determination that he was ineligible for asylum, withholding of removal, and relief under the CAT"—all matters decided in the context of his removal proceedings. *Id.* at 623. The court thus found that his challenges to these findings were "nothing more than indirect attacks on his order of removal," and thus properly channeled in a petition for review. *Id.*[7] Here, by contrast, Mr. Wang does not challenge any findings in his

---

[7] The same is true of the Government's out-of-circuit cases. *See Aguilar v. ICE*,

removal proceedings—or even the procedures by which those proceedings are being conducted. Rather, his claims are laser-focused on the Government's decision to detain him and to deny him an opportunity to apply for bond—matters entirely "collateral to the removal process." *J.E.F.M.*, 837 F.3d at 1032.

Finally, the Court should put no stock in the Government's claim that Mr. Wang can address his detention in the context of his ongoing removal proceedings. True, Mr. Wang has his initial hearing before an immigration judge in removal proceedings on June 18, 2025. *See* Gov't Resp., at 12. But the Government is wrong that custody issues can be addressed at that hearing. The Immigration Court Practice Manual is clear that "[b]ond proceedings are separate from removal proceedings." *See* Executive Office for Immigration Review, *Immigration Court Practice Manual* § 9.3(a), *available at* https://www.justice.gov/eoir/reference-materials/ic/chapter-9/3. Regardless, the regulations are clear that immigration judges lack authority to grant bond to arriving aliens. *Id.* § 9.3(b)(1) ("[b]y regulation, an Immigration Judge does not have jurisdiction to conduct bond hearings involving . . . arriving aliens"); 8 C.F.R. § 1003.19(h)(2)(i).[8]

---

510 F.3d 1, 9 (1st Cir. 2007) (challenge to lack of counsel in removal proceedings, similar to *J.E.F.M.*); *Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011) (challenge to waiver of inadmissibility which, if granted, would invalidate order of removal was effectively a challenge to the order of removal itself).

[8]    Certain noncitizens denied the opportunity for bond may challenge the classification that renders them ineligible by "seeking a determination by an

* * *

Taken together, the Government's jurisdictional arguments under 8 U.S.C. §§ 1252(g) and 1252(b)(9) collapse under the weight of binding Supreme Court precedent and their own internal inconsistencies. Section 1252(g) does not apply because Mr. Wang's petition does not challenge any of the three "discrete actions" to which the statute applies—namely, the decision to commence proceedings, adjudicate cases, or execute removal orders. He does not seek to halt his removal proceedings, contest their initiation, or prevent any future removal order from being carried out. Instead, he challenges an entirely separate and collateral issue: the Government's decision to detain him without access to bond.

Nor does Section 1252(b)(9)—the INA's so-called "zipper clause"—bar review of Mr. Wang's claim. As the Supreme Court held in *Jennings v. Rodriguez*, detention-related claims that do not seek review of a removal order, or any step in the removal process, fall outside the scope of § 1252(b)(9)'s jurisdictional reach. To hold otherwise would render detention challenges effectively unreviewable. Simply

---

immigration judge that the alien is not properly" classified. *See* 8 C.F.R. § 1003.19(h)(2)(ii) (noting that this provision is applicable "with respect to [classifications under] paragraphs (h)(2)(i)(C), (D), and (E) of this section"). But noncitizens like Mr. Wang, who are denied the opportunity to seek bond based on their "arriving alien" designation (which appears at paragraph 1003.19(h)(2)(i)(B)), are not among them. *Id.* This confirms that the Government's claim that Mr. Wang can seek review of "his classification as an 'arriving alien' during [his removal] proceedings," Gov't Resp., at 12, is entirely illusory.

put, the Court has jurisdiction to consider Mr. Wang's direct challenge to the Government's ongoing refusal to afford him a bond hearing. The Court should reject the Government's effort to evade judicial review. And because the Government has forfeited any response on the merits, the Court should issue the writ.

## CONCLUSION

For the foregoing reasons, the Court should grant the petition for writ of habeas corpus and order Mr. Wang released from custody, or in the alternative, direct that he be provided a bond hearing before an immigration judge forthwith.

DATED: Honolulu, Hawaii, June 13, 2025.

/s/ Edward F. Ramos
EDWARD F. RAMOS
eramos@kktplaw.com
(pro hac vice)

JOHN P. PRATT
jpratt@kktplaw.com
(pro hac vice)

KURZBAN KURZBAN
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3503

NA LAN
DAMON KEY LEONG KUPCHAK HASTERT
nl@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813

Telephone: (808) 531-8031
Facsimile:  (808) 533-2242