KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

EDRIC M. CHING #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Bldg.
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
Email: Edric.ching@usdoj.gov

Attorneys for Respondents

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CHUNMING WANG,<br><br>　　　　　Petitioner,<br><br>　　vs.<br><br>ESTELA DERR, Warden, Federal Detention Center, Honolulu, Hawaii; POLLY KAISER, Acting Field Office Director Center, Honolulu, Hawaii, Immigration and Customs Enforcement; PAM BONDI, Attorney General of the United States; KRISTI NOEM, Secretary of Homeland Security,<br><br>　　　　　Respondents, | CASE NO. CV25-00231 JAO-RT<br><br>RESPONDENTS ESTELA DERR, WARDEN, FEDERAL DETENTION CENTER, HONOLULU, HAWAII; POLLY KAISER, ACTING FIELD OFFICE DIRECTOR CENTER, HONOLULU, HAWAII, IMMIGRATION AND CUSTOMS ENFORCEMENT; PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; KRISTI NOEM, SECRETARY OF HOMELAND SECURITY'S SUPPLEMENTAL MEMORANDUM RE: THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 25]; CERTIFICATE OF SERVICE |

RESPONDENTS ESTELA DERR, WARDEN, FEDERAL DETENTION CENTER, HONOLULU, HAWAII; POLLY KAISER, ACTING FIELD OFFICE DIRECTOR CENTER, HONOLULU, HAWAII, IMMIGRATION AND CUSTOMS ENFORCEMENT; PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; KRISTI NOEM, SECRETARY OF HOMELAND SECURITY'S SUPPLEMENTAL MEMORANDUM RE: THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS [ECF NO. 25]

Respondents ESTELA DERR, WARDEN, FEDERAL DETENTION CENTER, HONOLULU, HAWAII; POLLY KAISER, ACTING FIELD OFFICE DIRECTOR CENTER, HONOLULU, HAWAII, IMMIGRATION AND CUSTOMS ENFORCEMENT; PAM BONDI, ATTORNEY GENERAL OF THE UNITED STATES; KRISTI NOEM, SECRETARY OF HOMELAND, by and through their counsel, the Acting United States Attorney for the District of Hawaii and Assistant United States Attorney Edric M. Ching, hereby submit the following Supplemental Memorandum regarding the Amended Petition For Writ of Habeas Corpus (ECF No. 25) pursuant to the Court's EO dated June 27, 2025 (ECF No. 39).

I.  **DISCUSSION OF CASES CITED BY THE COURT IN ITS JUNE 27, 2025 EO**

   A.  *Kong v. United States,* **62 F.4th 608 (1st Cir. 2023)  (Federal Torts Claim Act Case - First Circuit Court of Appeals Reversed The Trial Court's Ruling That 8 U.S.C. §1252(g) Barred The Arrest and Detention of the Plaintiff)**

In *Kong,* the plaintiff emigrated to the United States in 1982 and was

1

convicted of a felony in 1995 in the State of California. *Id.* at 609. During his state incarceration, he was detained and ordered to be deported to Cambodia in 1996. *Id*. The plaintiff could not be deported to Cambodia due to the lack of a repatriation agreement. *Id.* In 1999, the plaintiff was notified that removal from the United States was not practicable and he was eligible to be released from custody. *Id.* The plaintiff was granted conditional supervised release in 2000. *Id.*

In 2002, the United States and Cambodia entered into a repatriation agreement and Cambodian officials periodically traveled to the United States to verify Cambodian nationality of persons subject to final removal orders. *Id.* In 2018, the plaintiff was asked to fill out paperwork at an ICE office that ICE used to obtain documentation to return the plaintiff to Cambodia. *Id.* The plaintiff was arrested two months later and he later filed a FTCA claim alleging that ICE wrongfully arrested him by relying on a decades-old warrant and failing to follow its procedures. *Id.* at 611, 617.

The First Circuit held that 8 U.S.C. §1252(g) did not bar the plaintiff's claims because he did not challenge the government's ability to execute the removal order but instead challenged the manner in which he was detained. *Id.* at 618. This case is distinguishable from *Kong* because Petitioner's detention arises out of the decision to commence removal proceeding rather than the execution of a removal order. Further, Petitioner's challenge to his classification as an arriving

2

alien in this action goes to the heart of his motion to dismiss the charges against him in Immigration Court. In contrast, the *Kong* petitioner argued that he was wrongfully detained due to reliance on a decades old warrant and the failure to follow instructions. Thus, *Kong* clearly does not apply to this case and 8 U.S.C. §1252(g) bars the Court's jurisdiction over this matter.

    **B.**     *Arce v. United States* , 899 F.3d 796 (9th Cir. 2018) (FTCA Claim – Ninth Circuit Court of Appeals Reversed the District Court's Ruling That 8 U.S.C. §1252(g) Barred the Plaintiff's FTCA Claim

In *Arce*, the plaintiff brought an FTCA claim after the plaintiff was removed to Mexico in direct violation of the Ninth's Circuit's temporary stay of removal order. *Id.* at 798-799. The Ninth Circuit found that 8 U.S.C. §1252(g) did not bar the plaintiff's FTCA claim because the plaintiff did not challenge the validity of the removal order but challenged the government's violation of the Ninth Circuit's stay order. *Id.* at 800. The Ninth Circuit also noted that the 8 U.S.C. §1252(g) bar is not applicable when ICE lacks the discretion to effectuate a removal order. *Id.*

This case is clearly distinguishable from *Arce* as Petitioner's detention does not arise out of the violation of a court order. Rather, Petitioner challenges the arriving alien classification which is also being litigated in the Immigration Court. Third, ICE possessed discretion in bringing charges against Petitioner, unlike ICE's lack of discretion in *Arce*. Based on the foregoing, *Arce* does not apply to this case and 8 U.S.C. §1252(g) bars the Court's jurisdiction over this matter.

### C. *Prado v. Perez*, 451 F.Supp. 3d 306 (S.D.N.Y. 2020) (FTCA/Bivens Case - District Court Held That 8 U.S.C. 1252(g) Did Not Bar The Plaintiff's FTCA/Bivens Claims

In *Prado*, the plaintiff brought *Bivens* and FTCA claims arising out an alleged false arrest and detention when the arresting agents "identified themselves as 'immigration' and had only an administrative immigration warrant." *Id.* at 310. The plaintiff alleged that the arresting agents lacked consent to enter the property. and his subsequent request(s) for medication was ignored. *Id.* at 311. The District Court in the Southern District of New York (SDNY District Court) held that "courts in this district have found that there is no deprivation of jurisdiction to hear claims arising out of unlawful arrest or detention, because those claims are too distinct to be said to 'arise from' the commencement of removal proceedings." *Id.* at 312.

This case is distinguishable from *Prado* because this case is a habeas matter and not a *Bivens* or FTCA case. Second, the plaintiff's claims in *Prado* arose out of the alleged manner in which the petitioner was arrested and his subsequent treatment (i.e., withholding his medication) while in this case, Petitioner argues that he was improperly classified as an arriving alien. Third, contrary to ruling of certain SDNY District Courts, district courts within the Ninth Circuit and the Ninth Circuit have held that 8 U.S.C. §1252(g) barred judicial review of Bivens and FTCA claims for detention related to removal proceedings as the decision to detain

4

the alien subject to removal proceeds arose out of the decision to commence removal hearings. *See Sissoko v. Rocha*, 509 F.3d 947 (9th Cir. 2007); *Wang v. United States*, No. 10-0389 SVW RCx) 2010 WL 11463156 (August 18, 2010, C.D. Cal.); *Valencia v. United States*, No. 08-2943 CAS (PJWx), 2008 WL 4286979 (September 15, 2008 C.D. Cal.). Based on the foregoing, it is clear that *Prado* does not apply to this case.

> **D.**  ***You v. Nielsen*, 321 F.Supp.3d 451 (S.D.N.Y 2018) (Habeas Case – District Court Held That The Petitioner's Re-Detention After The Issuance of the Final Order of Removal Was Not Barred by 8 U.S.C. §1252(g))**

In *You,* the petitioner was charged with arriving in the United States without valid entry documents in January 2000. *Id.* at 454-455. The petitioner was then released on bond in April 2000 and the immigration judge ordered the petitioner to be removed to China in December 2000. *Id.* at 455. The Board of Immigration Appeals (BIA) affirmed the removal order in November 2002 and ICE did not execute the removal order. *Id.* The petitioner filed three separate motions to re-open the proceedings in 2008, 2010 and 2016 and each of these motions were denied. *Id.*

In or about 2015, the petitioner the filed an I-485 application to adjust his status. *Id.* In 2018, the petitioner was arrested when he appeared for his I-485 application interview and his I-485 application was later denied based on adverse factors. *Id.* The SDNY District Court noted that the petitioner did not challenge

5

the decision to execute the removal order but instead challenged the manner in which the removal order was executed. *Id.* at 457.

This case is distinguishable from *You* due to the timing of the detention. In this case, Petitioner is being detained pending his removal hearing while the *You* petitioner was re-detained seventeen years after the entry of his removal order and fifteen years after the removal order was affirmed by the BIA. *Id.* at 455.

Further, Petitioner's legal argument in this matter, i.e., the incorrect designation of Petitioner as an arriving alien, goes to the heart of his pending motion to dismiss in Immigration Court. To the contrary, in *You,* the petitioner alleged that the execution of the removal order was illegal but did not challenge the decision to execute the removal order.

Finally, the *You* petitioner was afforded a bond hearing and was released prior to the entry of the decision to remove the petitioner. *Id.* In contrast, Petitioner's classification as an arriving alien precludes him from having the right to a bond hearing before the Immigration Judge. Thus, *You* is clearly distinguishable from this case.

### E. *Michalski v. Decker,* 279 F.Supp.3d 487 (S.D.N.Y. 2018*)* (Habeas Case – District Court Ruled That 8 U.S.C. §1252(g) Did Not Bar Claim That The Petitioner Was Not Afforded A Probable Cause Hearing)

In *Michalski*, the petitioner was arrested in October 2017 after he

overstayed his student visa. *Id.* at 491. At the Master Calendar hearing, the ICE attorney allegedly declined to follow ICE's policy to present evidence that supported the removal charges. *Id.* The petitioner's habeas petition was based on his claim that his continued detention without a prompt, impartial assessment of probable cause violated the Fourth and Fifth Amendments. *Id.* at 492. The SDNY District Court noted that not every lawsuit is a challenge to a removal order and the district court needs to examine the relief sought by the petitioner. *Id.* at 494.

This case is distinguishable because Petitioner's argument that he was improperly classified as an arriving alien goes to the heart of the removal proceedings and are currently being litigated in the Immigration Court while the *Michalski* petitioner sought relief due to the absence of a probable cause hearing. Thus, it is clear in this case that *Michalski* is not applicable and that Petitioner's challenge in this case is clearly barred by 8 U.S.C. §1252(g).

F. ***Davis v. Garland*, No. 22-CV-443-LJV, 2022 WL 17155828 (W.D.N.Y. Nov. 20, 2022)  (Habeas Case – Trial Court Lacks Jurisdiction Over Claims and Issues Being Litigated In The Third Circuit)**

In *Davis,* the petitioner was ordered to be removed after being charged with being a noncitizen who was the subject of a protection order and was convicted of certain crimes. *Id.* at 1. The BIA affirmed the IJ's removal order and the petitioner sought review with the Third Circuit, which stayed the removal order pending its review. *Id.*

The petitioner then filed three petitions for writ of habeas corpus with the United States District Court for the Middle District of Pennsylvania, two of which were dismissed after he received bond hearings. *Id.* at 2. Before the United States District Court could rule on the third petition for writ of habeas corpus, the petitioner filed another petition in the United States District Court for the Western District of New York ("WDNY District Court"). *Id.*

The WDNY District Court held it lacked jurisdiction over that the petitioner's arguments that he derived citizenship from his father, which were being reviewed by the Third Circuit. *Id.* at 4. The WDNY District Court further stated that reviewing the petitioner's claim, which was an indirect attack on the petitioner's removability, would create an "odd system" where the WDNY District Court would examine the arguments made to the Third Circuit and make a prediction as to how the Third Circuit would decide the issue. *Id.*

*Davis* is instructive as Petitioner is making an indirect attack on his removability by requesting that the Court determine that Petitioner was incorrectly classified as an arriving alien. Petitioner, similar to the petitioner in *Davis*, is currently litigating the arriving alien classification in another forum (the Immigration Court in this case). Petitioner's attempt to establish concurrent jurisdiction over the arriving alien designation issue is misguided as it will raise the possibility of two separate appeals to the Ninth Circuit Court of Appeals based on

the determination of the same issue in separate forums. Pursuant to *Davis,* this Court lacks jurisdiction pursuant to 8 U.S.C. §1252(b)(9) over Petitioner's indirect attack on removability and this issue must be resolved by the Immigration Court (and the BIA and Ninth Circuit Court of Appeals in the event of an appeal).

## II.   CONCLUSION

Respondents asserts that this Court does not have jurisdiction over this matter pursuant to U.S.C. §§1252 (g) and 1252(b)(9) and 1252 (a)(5). *Kong*, *Arce*, *You, Prado* and *Michalski* are distinguishable as Petitioner is making the same challenge in the Immigration Court and this case regarding the arriving alien classification and this challenge goes to the heart of the removal proceedings. D*avis* is instructive in this case as Petitioner's defense to the removal charges should be heard in the Immigration Court (and the BIA and Ninth Circuit Court of Appeals if appealed) pursuant to 8 U.S.C. §1252 (b)(9) to avoid this issue being litigated in two separate forums.

//

//

//

//

Based on the foregoing, Respondents request that this Honorable Court find that it does not have subject matter jurisdiction over this matter.

DATED:   July 1, 2025, at Honolulu, Hawaii.

                                              KENNETH M. SORENSON
                                              Acting United States Attorney
                                              District of Hawaii


                                              /s/ Edric M. Ching
                                              By_____
                                               EDRIC M. CHING
                                               Assistant U.S. Attorney

                                              Attorneys for Respondents

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:

<u>Served Via CM/ECF:</u>
NA LAN, ESQ.                                      Nl@hawaiilawyer.com
Damon Key Leong Kupchak Hastert
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
(808) 531 8031

EDWARD F. RAMOS                             Eramos@kktplaw.com
JOHN P. PRATT                                     Jpratt@kktplaw.com
PRO HAC VICE
Kurzban Kurzban Tetzeli & Pratt, P.A.
131 Madeira Avenue
Coral Gables, FL 33134
(305) 444 0060

Attorneys for Petitioner

DATED: July 1, 2025, at Honolulu, Hawaii.

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii


/s/ Edric M. Ching
By_____
EDRIC M. CHING
Assistant U.S. Attorney

Attorneys for Respondents