Of Counsel:
DAMON KEY LEONG KUPCHAK HASTERT
Attorneys at Law
A Law Corporation

NA LAN                                              9189-0
nl@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
www.hawaiilawyer.com
Telephone: (808) 531-8031
Facsimile:  (808) 533-2242

EDWARD F. RAMOS
eramos@kktplaw.com
(pro hac vice)
JOHN P. PRATT
jpratt@kktplaw.com
(pro hac vice)
KURZBAN KURZBAN TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3503

*Attorneys for Petitioner*

UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

| | |
|---|---|
| Chunming Wang,<br><br>    Petitioner,<br>v.<br><br>Estela Derr, Warden, Federal Detention Center, Honolulu, Hawaii, et al.,<br><br>    Respondents. | **Case No: 25-cv-231-JAO-RT** |

**PETITIONER'S SUPPLEMENTAL BRIEF**

Petitioner Chunming Wang submits this supplemental brief pursuant to the Court's June 27, 2025 Order directing the parties to further address "whether 8 U.S.C. § 1252(g) deprives this Court of jurisdiction" to consider Petitioner's habeas claims. Section 1252(g) does not apply to claims that challenge the legality of detention pending removal proceedings. Because Petitioner challenges the Government's legally erroneous "arriving alien" classification and the ineligibility for bond that it triggers—and not the discretionary decision to commence removal proceedings or to pursue those removal proceedings against him—Section 1252(g) poses no bar to this Court's review.

**ARGUMENT**

The leading decision interpreting Section 1252(g) is *Reno v. American Arab Anti-Discrimination Committee*, 525 U.S. 471 (1999) ("*AADC*"). Although the statute bars jurisdiction for claims "arising from" the three specified actions the statute identifies ("commence proceedings, adjudicate cases, or execute removal orders"), the Supreme Court nevertheless interpreted the statute to "appl[y] only to [those] three discrete actions" themselves. *Id.* at 482. The *AADC* court found that Congress had "good reason . . . to focus special attention upon, and make special provision for, judicial review of the Attorney General's discrete acts of 'commenc[ing] proceedings, adjudicat[ing] cases, [and] execut[ing] removal orders'—which represent the initiation or prosecution of various stages in the

deportation process." *Id.* at 483. Prior to Section 1252(g)'s enactment, some courts had granted relief to noncitizens challenging immigration authorities' refusal to exercise discretion not to prosecute removal cases against them. *Id.* at 484. The Court found that this was the motivating factor behind Congress's enactment of Section 1252(g), and it adopted a narrow interpretation of the provision, which it found was "specifically directed at the deconstruction, fragmentation, and hence prolongation of removal proceedings." *Id.* at 487.

Based on this narrow interpretation, Courts have time and again refused to extend Section 1252(g) to bar claims challenging immigration detention, because the decision to detain a noncitizen is independent from the decision to commence proceedings, adjudicate cases, or execute removal orders.

The First Circuit in *Kong v. United States*, 62 F.4th 608 (1st Cir. 2023)[1], contains a persuasive explanation of this point, confirming that Congress did not intend Section 1252(g) to pose a bar to habeas cases challenging detention, even after that provision was amended as part of the REAL ID Act to expressly include

---

[1] *Kong* also supports an argument for interpreting Section 1252(g) narrowly under the canon of "constitutional avoidance." *Id.* at 615. As discussed at the prior hearing, precluding review of challenges to an "arriving alien" designation in the context of a habeas proceeding challenging the lawfulness of detention would enable the Executive to detain any noncitizen (including Lawful Permanent Residents)— without recourse to Article III courts—throughout the duration of their removal proceedings simply by dubbing them (however incorrectly) as an "arriving alien." Such a broad reading of Section 1252(g) would raise serious Suspension Clause concerns, *id.* at 616, further counseling against interpreting the statute in such a way.

claims brought in habeas. As the First Circuit explained, "the Conference Report accompanying the 2005 amendments," which included the amendments to Section 1252(g), "expressly stated that the amendments preserved 'habeas review over challenges to detention that are independent of challenges to removal orders.'" *Id.* at 615 (citing H.R. Rep. No. 109-72, at 175). The court thus found that Section 1252(g), as amended (and as it currently exists), "was passed with the understanding that collateral challenges to the legality of a petitioner's detention would not constitute 'cause[s] or claim[s]' that 'aris[e] from the decision or action by the Attorney General to ... execute removal orders'." *Id.* Simply put, Section 1252(g) does not bar claims that challenge the legality of a noncitizen's detention.

Indeed, because Section 1252(g) was designed to cover challenges to the Executive's *discretionary* judgments, the Ninth Circuit has held that Section 1252(g) does not bar "consideration of a purely legal question, which does not challenge the Attorney General's discretionary authority[.]" *United States v. Hovsepian*, 359 F.3d 1144, 1155–56 (9th Cir. 2004). Thus, courts "may consider a purely legal question that does not challenge the Attorney General's discretionary authority, even if the answer to that legal question—a description of the relevant law—forms the backdrop against which the Attorney General later will exercise discretionary authority." *Id.*; *see also Abrego Garcia v. Noem*, at *8 (D. Md. Apr. 6, 2025) (relying in part on *Hovsepian* for the proposition that courts retain jurisdiction to consider "a pure

3

question of law" notwithstanding Section 1252(g)); *Zhou v. Kane*, 2007 WL 1559938, at *2 (D. Ariz. May 29, 2007) (similar, on grant of TRO).

That conclusion is further buttressed by the Ninth Circuit's decision in *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018). In that case, the Government removed a noncitizen in violation of a court order that granted the noncitizen a stay of removal. Although the removal was effectuated pursuant to an order of removal, the Court held that Section 1252(g) did not bar review because "[w]here the Attorney General totally lacks the discretion to effectuate a removal order, § 1252(g) is simply not implicated." *Id.* at 801. Thus, "even if [the court] agreed with the government that [the noncitizen's] claims tangentially 'arise from' the execution of his removal order," the court held it would "still retain jurisdiction because the Attorney General entirely lacked the authority, and therefore the discretion, to remove him." *Id.* at 800. Although this case concerned the unlawful execution of a removal order, rather than unlawful detention without bond, it makes clear that the phrase "arising from" does not bring claims under Section 1252(g)'s ambit when a noncitizen challenges the lawfulness of detention.

The cases the Court identified in the Supplemental Briefing Order reflect that the fact that a noncitizen's detention flows from the Executive's decision to commence removal proceedings, pursue removal, or executive a removal order, does

4

not bring a detention-related claim under Section 1252(g)'s scope—at least so long as noncitizen raises a legal or constitutional challenge to the detention:

- In *You v. Nielsen*, 321 F. Supp. 3d 451 (S.D.N.Y. 2018), the noncitizen had a final order of removal, and was being detained pending execution of that removal order despite having pending requests for collateral relief. He raised "statutory and constitutional claims that 'he should have been afforded notice, an opportunity to be heard, and a determination that he was either dangerous or a flight risk before being arrested and detained.'" *Id.* at 456. The Court held that Section 1252(g) posed no bar to review because "Whether Respondents' actions were legal is not a question of discretion, and, therefore, falls outside the ambit of § 1252(g)." *Id.* at 457.

- In *Prado v. Perez*, 451 F. Supp. 3d 306 (S.D.N.Y. 2020), the noncitizen sought money damages for claims related to his allegedly unlawful arrest by Immigration and Customs Enforcement officials—an arrest which led directly him to be served a Notice to Appear. *Id.* at 311. The court held that Section 1252(g) posed no bar to review because "claims arising from unlawful arrest or detention . . . are too distinct to be said to 'arise from' the commencement of removal proceedings." *Id.* at 312.

- In *Davis v. Garland*, 2022 WL 17155828, (W.D.N.Y. Nov. 22, 2022), the court, while noting arguably contrary precedent from the Eleventh Circuit,

noted that the Second Circuit and district courts within it have rejected Section 1252(g)'s reach to claims arising from unlawful arrest or detention because those claims are "too distinct" to be said to arise from the three discrete actions Section 1252(g) identifies. *Id.* at *3 n.3.

- And in *Michalski v. Decker*, 279 F. Supp. 3d 487 (S.D.N.Y. 2018), a noncitizen challenged his immigration-related arrest and detention as without probable cause. The court reasoned that Section 1252(g) did not bar review because "the decision or action to detain an individual under § 1226(a) is independent from the decision or action to commence a removal proceeding."[2]

Numerous other recent cases confirm that challenges to the legality of detention are not barred by Section 1252(g), even if the decision to commence proceedings directly led to the detention being challenged:

- *In Aditya W. H. v. Trump*, 2025 WL 1420131 (D. Minn. May 14, 2025), the court considered an allegation that the petitioner's detention was pursuant to "a policy [of] using the immigration system to retaliate against international

---

[2] The Court also noted that its "conclusion finds support in the fact that under § 1226(a), an alien '<u>may</u> be arrested and detained pending a decision on whether the alien is to be removed from the United States.'" *Id.* (emphasis in original). As explained *supra*, however, Section 1252(g)'s legislative history makes clear that it was designed to cover discretionary decisions. The relevant lesson from *Michalski*, therefore, is that detention is separate from the commencement of removal proceedings; the fact that detention is dubbed as discretionary vs. mandatory does not change the fact that a challenge to detention is not a challenge to any of the three discrete actions covered under Section 1252(g).

6

students' protected speech and association." *Id.* at *2. The petitioner had been granted bond by an immigration judge, but the Government had invoked the "automatic-stay" provisions pending its appeal of that bond grant to the Board of Immigration Appeals. Noting that the Supreme Court had "read the [arise from] language [in 8 U.S.C. § 1252(g)] to refer to just those three specific actions themselves," *id.* at *9 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (alterations in original)), the court held that "Section 1252(g) cannot be read to deprive the Court of jurisdiction to consider a habeas petition raising" constitutional claims to detention. *Id.* at *8-9.

- Similarly, in *Mohammed H. v. Trump*, 2025 WL 1692739 (D. Minn. June 17, 2025), a noncitizen challenged his immigration-related detention as "part of a campaign by federal executive agencies to arrest, detain, and deport international college students based on their protected speech." *Id.* at *1. Citing a number of recent decisions raising similar claims and making similar holdings, the Court held that Section 1252(g) did not apply because "Petitioner does not seek to end his removal proceeding or vacate the underlying executive determinations. Rather, he simply seeks to end his allegedly unlawful confinement." *Id.* at *3.

- In *Salvador F.-G. v. Noem*, 2025 WL 1669356 (N.D. Okla. June 12, 2025), the Court rejected application of Section 1252(g), noting that "federal courts

7

retain jurisdiction under § 2241 to review habeas claims by noncitizen detainees who either challenge their detention as unconstitutional or raise questions of law regarding the extent of the government's statutory authority to detain them." *Id.* at * 5.

Other recent cases where the courts have held that Section 1252(g) does not strip jurisdiction to consider claims challenging unlawful immigration related detention include *Mahdawi v. Trump*, 136 F.4th 443, 449–51 (2d Cir. 2025) and *Ercelik v. Hyde*, 2025 WL 1361543, at *4–6 (D. Mass. May 8, 2025).

* * *

Here, Petitioner mounts a pure legal challenge to his detention without opportunity for bond—a claim that arises from the Government's unlawful decision to classify him as "arriving alien" in contravention of the Immigration and Nationality Act and the binding regulatory definition of that term. If Petitioner is right about that, then the Government lacks any discretion to detain him without the opportunity for bond. Petitioner's claims, therefore, are not aimed at the Government's decision to commence removal proceedings against him. If Petitioner prevails in this action, is granted the opportunity to seek bond, and is released on bond, the Government's decision to commence removal proceedings against him is unaffected; it may continue to pursue removal in a non-detained setting. Section 1252(g) poses no bar to Petitioner's claims, and the Court should so hold.

## CONCLUSION

For the foregoing reasons, and those identified in Petitioner's prior briefing and argument to the Court, the Court should hold that Section 1252(g) poses no bar to Petitioner's challenge to his detention without the opportunity for bond

DATED: Honolulu, Hawaii, July 1, 2025.

/s/ Edward F. Ramos
EDWARD F. RAMOS
eramos@kktplaw.com
(pro hac vice)

JOHN P. PRATT
jpratt@kktplaw.com
(pro hac vice)

KURZBAN KURZBAN
TETZELI & PRATT, P.A.
131 Madeira Avenue
Coral Gables, Florida 33134
Telephone: (305) 444-0060
Facsimile: (305) 444-3503

NA LAN
DAMON KEY LEONG KUPCHAK HASTERT
nl@hawaiilawyer.com
1003 Bishop Street, Suite 1600
Honolulu, HI 96813
Telephone: (808) 531-8031
Facsimile: (808) 533-2242